UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

CIVIL NOS.   11-50131
                   10-71403, 10-71404
CRIMINAL NO. 10-20594

v.

HONORABLE LAWRENCE P. ZATKOFF

DANTE DEMIRO,

    Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 23, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on the United States of America's ("Government") motion to withdraw the reference to the bankruptcy court (Case Nos. 10-71403, 10-71404) [dkt 2]. Gene Kohut, in his capacity as trustee ("Trustee") for Dante Demiro and MuniVest Services, LLC[1] ("MuniVest") (collectively the "Debtors"), has filed a response opposing the Government's motion. Mono Shores Public Schools ("Mona Shores") has also filed a response to the Government's motion, in which it concurs in part with the Government's motion. The Government then filed a reply brief. The Court finds that the facts and legal arguments are adequately presented in the parties' papers

---

[1] MuniVest Services, LLC, is also known as MuniVest Group, MuniVest Financial Group, MuniVest Financial Group of Illinois, LLC, Muni Vest Financial Group, LLC, and MuniVest Capital International, LLC.

such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, the Government's motion to withdraw the reference is GRANTED.

## II. BACKGROUND

The Government alleges that DeMiro operated a Ponzi scheme through his company, MuniVest. MuniVest acted as the corporate identity for DeMiro's alleged criminal activities. Under MuniVest, DeMiro claimed to be an "investment advisor." DeMiro's investment advice ultimately resulted in many of his investors receiving either zero or partial payment for the funds invested with him.

On October 7, 2010, the Government filed an Indictment against DeMiro. The Indictment states that DeMiro defrauded various individuals and businesses by obtaining their funds for investment purposes, but instead of investing those funds, he retained them for his own personal use. The Government's Indictment seeks forfeiture of two bank accounts and two personal residences, a money judgment of $10 million, and other property to the extent that the property listed is not recoverable. On December 22, 2010, the Government filed its First Superseding Information ("Information"), which added mortgages and promissory notes totaling over $3.7 million, bank accounts totaling $983,761.92, luxury automobiles, and 27 different pieces of computer equipment (the Court will refer to the property listed in the Information and Indictment collectively as the "Forfeited Assets") to its forfeiture count.

On October 12, 2010, Mona Shores filed two involuntary petitions for bankruptcy relief against the Debtors. These filings commenced two proceedings in the United States Bankruptcy

Court for the Eastern District of Michigan ("Bankruptcy Court"). Case No. 10-71403 claims $3.7 million against MuniVest, and Case No. 10-71404 claims $3.7 million against DeMiro. On November 5, 2010, the Bankruptcy Court entered orders granting the involuntary petitions, and appointed Gene Kohut as the Chapter 7 trustee ("Trustee").

On January 14, 2011, the Government filed the instant motion. According to the motion, the Government is seeking mandatory withdrawal, or in the alternative permissive withdrawal, of the reference to the Bankruptcy Court with respect to "all matters pertaining to the seizure, forfeiture and distribution of all property, assets and entitlements identified in the Indictment and Information in *U.S. v. DeMiro* for exclusive determination and adjudication by the Court in the criminal case to facilitate distribution to the investment fraud victims."

### III. LEGAL STANDARD

All bankruptcy-related proceedings filed in this Court are automatically referred to the bankruptcy court for this district. *See* 28 U.S.C. § 157(a); E.D. Mich. L.R. 83.50. Motions to withdraw references from the bankruptcy courts are governed by 28 U.S.C. § 157(d), which states that:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(emphasis added). Thus, § 157(d) provides for either mandatory or permissive withdrawal of proceedings from the bankruptcy court.

3

## IV. ANALYSIS

**A. Mandatory Withdrawal**

As stated above, § 157(d) mandates withdrawal when "the proceeding requires consideration of both title 11 *and* other laws of the United States regulating organizations or activities affecting interstate commerce." (emphasis added). The Government argues that there is reason to withdraw the reference from the Bankruptcy Court because resolution of the proceedings requires consideration of the federal criminal forfeiture statutes, which affect interstate commerce, and title 11 bankruptcy law. In response, the Trustee argues that the reference should not be withdrawn because: (1) a proceeding does not exist to withdraw; (2) withdrawal will deprive the Debtors' creditors of due process; (3) the instant motion is untimely; and (4) the Government's motion is procedurally deficient.[2]

The Court has determined that mandatory withdrawal of the reference in part is appropriate in this matter. First, unlike the Trustee's contention, there are two proceedings to withdrawal. When Mona Shores filed its involuntary petitions, case numbers 10-71403 and 10-71404 were assigned, and such proceedings were automatically referred to the Bankruptcy Court. Thus, there are proceedings that are subject to withdrawal. Second, the resolution of the proceeding involves laws regulating organizations or activities affecting interstate commerce and bankruptcy law. The Government, Mona Shores, and the Trustee are asserting legal or equitable interests in the Forfeited

---

[2]Mona Shores and the Trustee also note an additional procedural deficiency of the Government's motion. The Government filed its motion in the criminal case, *U.S. v. Demiro*, 10-20594, rather than in the pending bankruptcy cases according to E.D. Mich. L. R. 83.50(d)(1). The Court, however, finds no prejudice has resulted to the parties because of this procedural deficiency as the instant motion has been fully briefed. As such, the Court will address the Trustee's other arguments.

4

Assets. The Forfeited Assets are 18 U.S.C. §§ 981, 982, which states the types of property subject to forfeiture and the procedures for seizing such property, and 28 U.S.C. § 2461, which states that property subject to forfeiture may be forfeited as part of a criminal sentence. In addition to the criminal forfeiture statues applicable in DeMiro's criminal case, the Forfeited assets are subject to title 11. Thus, the proceedings are subject to mandatory withdrawal under § 157(d). *See U.S. v. One Parcel of Real Property*, 137 B.R. 802, 805 (D. Or. 1992) (finding that two civil forfeiture proceedings involved consideration of "laws regulating organizations or activities affecting interstate commerce within the terms of § 157(d)").

The Trustee's remaining arguments do not persuade the Court to reach a different conclusion. The creditors of the Debtors are not deprived of due process. The Trustee acquired the "legal or equitable interests of the [Debtors] in [the Forfeited Assets]" at the time the proceedings (Case nos. 10-71403 and 10-71404) commenced. 11 U.S.C. § 541(a)(1). Because the Government sought forfeiture prior to entry of the orders of relief, the Debtors' legal interest in the Forfeited Assets at the time the orders of relief were entered was the right to petition for a hearing in this Court under 21 U.S.C. § 853(n)(2), which states that a person claiming interest in property subject to forfeiture may "petition the [district] court for a hearing to adjudicate the validity of his alleged interest in the [Forfeited Assets]." 21 U.S.C. § 853(n)(2); *Diversified Fiber Prods. v. U.S.*, 190 B.R. 407, 411–12 (D. Or. 1995) (holding that the bankruptcy estates had no equitable interests or possessory rights in the seized property when the cases were filed because the property was subject to forfeiture under 21 U.S.C. § 853). Moreover, the forfeiture statutes provide a mechanism for the Trustee to assert the creditor's interests. *See* 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States

pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."); *id.* at § 853(n)(6) ("After conducting a hearing the Court will amend the order of forfeiture if the petitioner establishes a legal interest in the property."). As such, the Debtor's creditors are not deprived of due process.

Furthermore, the motion is timely. Even though the Government has not yet obtained a judgment of forfeiture, "no party claiming an interest in property *subject* to forfeiture . . . may commence an action at law or equity against the United States concerning the validity of his alleged interest in the property *subsequent* to the filing of an indictment or information." 21 U.S.C. § 853(k), k(2) (emphasis added). Because Mona Shores filed its involuntary petitions after the Indictment was filed, and the $3.7 million claims assert an interest in the Forfeited Assets, the motion is timely even though no judgment of forfeiture has been entered in the criminal case.

Accordingly, the Court withdraws, in part, all matters pertaining to the seizure, forfeiture and distribution of the Forfeited Assets for exclusive determination and adjudication by the Court in the criminal case, *U.S. v. Demiro*, 10-20594.

## B. Permissive Withdrawal

In the alternative, the Government argues that the Court should withdraw the reference under the discretionary provisions of § 157(d) "for cause shown." Because the Court has determined that mandatory withdrawal is required, it need not determine whether the proceedings should be withdrawn "for cause shown."

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that the Government's motion to withdraw the bankruptcy reference (Case Nos. 10-71403, 10-71404) [dkt 2] is

6

GRANTED.

IT IS FURTHER ORDERED that the property listed in the Indictment and First Superseding Information in *U.S. v. Dante Demiro*, No. 10-20594, is withdrawn from the Bankruptcy Court in Case Nos. 10-71403 and 10-71404.

IT IS FURTHER ORDERED that, for all other purposes, the Bankruptcy Court retains jurisdiction.

IT IS SO ORDERED.

                                S/Lawrence P. Zatkoff
                                LAWRENCE P. ZATKOFF
                                UNITED STATES DISTRICT JUDGE

Dated: February 23, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2011.

                                S/Marie E. Verlinde
                                Case Manager
                                (810) 984-3290